VERA M. ELSON, State Bar 156327
velson@wsgr.com
DALE R. BISH, State Bar 235390
dbish@wsgr.com
CHRISTOPHER D. MAYS, State Bar 266510
cmays@wsgr.com
JONATHON JOANNIDES, State Bar 311260
jjoannides@wsgr.com
WILSON SONSINI GOODRICH & ROSATI PC
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone:  (650) 493-9300
Facsimile:  (650) 565-5100

EDWARD G. POPLAWSKI, State Bar 113590
epoplawski@wsgr.com
OLIVIA M. KIM, State Bar 228382
okim@wsgr.com
NEIL N. DESAI, State Bar 286405
ndesai@wsgr.com
WILSON SONSINI GOODRICH & ROSATI PC
633 West Fifth Street, Suite 1550
Los Angeles, CA 90071
Telephone:  (323) 210-2900
Facsimile:  (866) 974-7329

Attorneys for Plaintiff
MINERVA SURGICAL, INC.

Deborah E. Fishman, State Bar No. 197584
deborah.fishman@apks.com
ARNOLD & PORTER KAYE SCHOLER
LLP
3000 El Camino Real, Building 5, Suite 500
Palo Alto, CA 94306
Telephone:     (650) 319-4500
Facsimile:      (650) 319-4700

Ryan J. Casamiquela SBN 228559
Ryan.Casamiquela@apks.com
ARNOLD & PORTER KAYE SCHOLER
LLP
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024
Phone: (415) 471-3100
Fax: (415) 471-3400
ryan.casamiquela@apks.com

Matthew M. Wolf (*pro hac vice* pending)
Matthew.Wolf@apks.com
Marc A. Cohn (*pro hac vice* pending)
Marc.Cohn@apks.com
ARNOLD & PORTER KAYE SCHOLER
LLP
601 Massachusetts Ave., NW
Washington, DC 20001-3743
Phone: (202) 942-5000
Fax: (202) 942-5999

*Attorneys for Defendants*
*Hologic, Inc. and Cytyc Surgical Products*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| MINERVA SURGICAL, INC., a Delaware corporation, <br><br> Plaintiff, <br> v. <br> HOLOGIC, INC., a Delaware corporation; and CYTYC SURGICAL PRODUCTS, LLC, a Massachusetts limited liability company, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

CASE NO. 3:17-cv-02013-JD

**JOINT CASE MANAGEMENT STATEMENT**

Date: September 7, 2017
Time: 10 a.m.
Place: Courtroom 11, 19th Floor
Judge: Hon. James Donato

Plaintiff Minerva Surgical, Inc. ("Minerva") and Defendants Hologic, Inc. and Cytyc Surgical Products, LLC (collectively, "Hologic") jointly submit this JOINT CASE MANAGEMENT STATEMENT pursuant to the Clerk's Notice dated July 5, 2017 (Dkt. 30), the Reassignment Order Setting CMC dated May 11, 2017 (Dkt. 21), the Standing Order for Civil Cases Before Judge James Donato dated January 5, 2017, and Civil Local Rule 16-9.

1. **Jurisdiction & Service**
   *The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.*

This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code, including 35 U.S.C. § 271 *et seq.* The Court's subject matter jurisdiction is based on 28 U.S.C. §§ 1331 and 1338(a). Venue is proper in this Court pursuant to 27 U.S.C. §§ 1391(b)-(c) and 1400(b). The parties are currently unaware of any issues regarding personal jurisdiction or venue. No parties remain to be served.

2. **Facts**
   *A brief chronology of the facts and a statement of the principal factual issues in dispute.*

Minerva filed its Complaint against Hologic in this action on April 11, 2017. Dkt. 1. Notably, the parties were already embroiled in an earlier-filed suit brought by Hologic against Minerva in the District of Delaware. Specifically, on November 6, 2015, Hologic filed a Complaint for Patent Infringement alleging that Minerva's Endometrial Ablation System infringes U.S. Patent Nos. 6,872,183, 8,998,898, and 9,095,348 in the District of Delaware. *Hologic, Inc. v. Minerva Surgical Inc.*, Case No. 1:15-cv-01031-JFB-SAF, ECF No. 1 (D. Del.) ("Delaware Litigation"). In the Delaware Litigation, the parties are currently engaged in expert discovery and a jury trial is scheduled for July 16, 2018.

In its Complaint in this action, Minerva alleges that Hologic directly infringes at least claim 13 of U.S. Patent No. 9,186,208 ("the '208 patent") by making, using, offering for sale, selling, and/or importing into the United States the NovaSure ADVANCED®—which was released in February 2017—in violation of 35 U.S.C. § 271(a). Minerva further alleges that Hologic indirectly infringes the '208 patent by inducing third parties, such as Hologic's

1   customers, to use the NovaSure ADVANCED® in violation of § 271(b).   Minerva seeks

2   damages and injunctive relief (both preliminary and permanent) for the alleged infringement, as

3   well as a finding that this case is exceptional and thus an award of Minerva's attorneys' fees and

4   costs.   In addition, Minerva contends that Hologic's infringement has been and continues to be

5   willful, wanton, deliberate and/or willfully blind, thereby making this an exceptional case under

6   § 285 and entitling Minerva to enhanced damages under § 284.

7          On May 4, 2017, Hologic filed their Answer and Counterclaims (Dkt. 13), which denied

8   Minerva's allegations, asserted several affirmative defenses and counterclaims, and contends that

9   Minerva is not entitled to any relief.   Minerva filed its Answer to Hologic's Counterclaims on

10  May 25, 2017.  Dkt. 22.

11  **3.     Legal Issues**
        *A brief statement, without extended legal argument, of the disputed points of law, including*
12      *reference to specific statutes and decisions.*

13      The principal disputed legal issues are:

14  •   Whether Minerva is entitled to preliminary injunction;

15  •   The proper construction of any disputed claim terms in the '208 patent;

16  •   Whether Hologic directly infringes any claims of the '208 patent under 35 U.S.C. §

17      271(a) and/or indirectly infringes any claims of the '208 patent under § 271(b);

18  •   Whether the alleged infringement by Hologic has been willful, wanton, deliberate

19      and/or willfully blind;

20  •   Whether the '208 patent is invalid under §§ 102, 103, and/or 112;

21  •   Whether Minerva's claims are barred, in whole or in part, by any defense raised by

22      Hologic;

23  •   Whether Minerva is entitled to a permanent injunction under § 283;

24  •   Whether Minerva is entitled to damages as a result of alleged infringement of any

25      claims of the '208 patent, and if so, the amount, under § 284;

26  •   Whether this case is exceptional under § 285, entitling either party to attorneys' fees

27      or costs.

28

**4.** **Motions**
   *All prior and pending motions, their current status, and any anticipated motions.*

   The following are pending motions at this time:

   - Minerva's Motion for Preliminary Injunction (Dkt. 35);

   - Two motions requesting leave for *pro hac vice* admission of two counsel for Hologic (Dkt. 17 & 18).

   Minerva's Position: Minerva anticipates filing motions for summary judgment on issues that may include infringement and validity.

   Hologic's Position:  Hologic believes that the '208 patent-in-suit is not infringed, and that an early summary judgment on non-infringement would resolve this case.  Hologic also believes that the '208 patent-in-suit is invalid, and that an early summary judgment on this issue would resolve this case as well.

**5.** **Amendment of Pleadings**
   *The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.*

   Minerva's Position:  Minerva proposes that the deadline for joining parties and amending the pleadings without leave of Court should be October 27, 2017.  *See* Appendix A (Minerva's Proposed Case Schedule).

   Hologic's Position:  Hologic proposes that the deadline for joining parties and amending the pleadings should be set after the Court's ruling on Minerva's motion for a preliminary injunction.  *See* Appendix B (Hologic's Proposed Case Schedule).

   The parties agree that they may amend the pleadings upon a showing of good cause after this deadline has passed.

**6.** **Evidence Preservation**
   *A brief report certifying that the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirming that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this section.  See ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.*

The parties have reviewed the ESI Guidelines and have met and conferred regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this section.

**7.   Disclosures**

*Whether there has been full and timely compliance with the initial disclosure requirement of Fed. R. Civ. P. 26, and a description of the disclosures made.*

Minerva's Position:  Minerva's proposes to exchange initial disclosures pursuant to FED. R. CIV. P. 26 on September 29, 2017.

Hologic's Position: Hologic proposes to exchange such disclosures after resolution of Minerva's pending motion for a preliminary injunction.

**8.   Discovery**

*Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitation or modifications of the discovery rules, a brief report on whether the parties have considered entering into a stipulated e-discovery order, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and any identified discovery disputes.*

The parties have commenced taking discovery relating to Minerva's Preliminary Injunction Motion pursuant to the August 15, 2017 Order re [39] Stipulation with Proposed Order.  Dkt. 40.  The parties are considering a stipulated ESI Order and a stipulated Protective Order.

A.   *Changes to the timing, form, or requirement for disclosures (Fed. R. Civ. P. 26(f)(3)(A)):*

The parties propose changing the timing for initial disclosures pursuant to FED. R. CIV. P. 26(a).  *See* Appendices A & B.

B.   *The subjects on which discovery may be needed (Fed. R. Civ. P. 26(f)(3)(B)):*

Discovery may include Rule 26 disclosures, patent disclosures under the local rules, written discovery, depositions, and non-party discovery.

C.   *Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced (Fed. R. Civ. P. 26(f)(3)(C)):*

The parties are working on an ESI order.  The parties had previously negotiated an ESI order in the Delaware Litigation, and anticipate that the form in which materials should be

produced will be consistent with the manner in which the parties had previously produced materials.

**D.** *Any issues about claims of privilege or of protection as trial-preparation materials (Fed. R. Civ. P. 26(f)(3)(D)):*

The parties contend that, due to the ongoing Delaware Litigation, a high volume of attorney-client privileged or work-product documents will be responsive to the parties' document requests in this action. As stated below, the parties need not log such documents on a privilege log so long as the documents are directly related to the pursuit of any claims or defenses in the Delaware Litigation. Other exclusions from the requirement to log privileged or work-product documents and information are set forth below.

**E.** *Changes that should be made to the limitations on discovery (Fed. R. Civ. P. 26(f)(3)(E)):*

The parties have set forth limitations on written discovery, depositions, and other aspects of discovery below. The parties reserve their right to seek modification to the scope of discovery at a later date. The parties' proposals on discovery limitations are set forth below:

*i.* *Requests for Production of Documents and Things*

The parties agree to a maximum of 30 requests for production by each side. The requests during the preliminary injunction do not apply to this maximum. This limitation may be expanded with leave of Court upon a showing of good cause.

*ii.* *Interrogatories*

The parties agree to a maximum of 20 interrogatories by each side. The interrogatories during the preliminary injunction do not apply to this maximum. This limitation may be expanded with leave of Court upon a showing of good cause.

*iii.* *Requests for Admissions*

The parties agree to a maximum of 40 requests for admission by each side. This limitation does not include requests to authenticate documents for purposes of FED. R. EVID. 803(6). This limitation may be expanded with leave of Court upon a showing of good cause.

1

### iv.    Fact Depositions

2

The parties agree that each party is limited to a maximum of 60 hours of deposition time,

3

which includes individual, Rule 30(b)(6), and third-party depositions, excluding depositions

4

taken during the preliminary injunction phase.   Witnesses deposed during the preliminary

5

injunction phase can be deposed again during fact discovery of the overall case.   This limitation

6

may be expanded with leave of Court upon a showing of good cause.

7

### v.    Expert Depositions

8

The parties agree to meet and confer in good faith regarding limitations on expert

9

depositions during the expert discovery phase, after expert reports have been served.

10

### vi.    Service by Email

11

The parties consent in writing to service by email to outside counsel of record in

12

accordance with FED. R. CIV. P. 5(b)(2)(E) (except in the case of documents required to be filed

13

with the Court electronically, the service of which is governed by the Local Rules, documents

14

that are too voluminous for email, and productions governed by the ESI Order) in PDF or similar

15

format (e.g., single-page .TIFF files with load data).

16

### vii.    Discoverability of Expert Materials

17

Draft reports, notes, and outlines of draft reports shall not be subject to discovery in this

18

case, nor shall any such drafts, notes, or outlines of draft reports that the testifying expert

19

prepared in other cases be subject to discovery in this case.   Such draft reports, notes, outlines, or

20

any other writings leading up to an issued report(s) in this litigation or the Delaware Litigation

21

are considered attorney work product and are exempt from discovery.   In addition, the discovery

22

of materials provided to a testifying expert and the expert's communication in connection with

23

his or her role as a testifying expert in this litigation shall be limited to subject matter actually

24

relied upon by the testifying expert in his or her final report, trial or deposition testimony, or any

25

opinion in this case, or relating to the expert's potential bias.   Notwithstanding the foregoing, an

26

expert who is also a fact witness may be subject to discovery concerning his or her relevant

27

factual knowledge.

28

*viii.    Claims of Privilege*

Parties shall not be required to identify in their respective privilege log any document or communication protected by the attorney-client privilege, work product immunity, or other privilege or protection that were created or are dated on or after the filing of this lawsuit, which absent this provision, the party would have been obligated to so identify on said privilege log. Parties need not log any document or communication protected by the attorney-client privilege, work product immunity, or other privilege or protection generated after the filing of the complaint in the Delaware Litigation that are directly related to the prosecution of the claims or defenses asserted in the Delaware Litigation.

Pursuant to FED. R. EVID. 502(d), the mere production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding.  For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or any other federal or state proceeding.  Information that contains privileged matter or attorney work product shall be immediately returned if such information appears on its face to have been inadvertently produced.  If a party determines that a privileged document was produced, it shall promptly request that the privileged document be returned or destroyed.  A party receiving such a request shall return, destroy, and/or confirm the deletion of all copies of any such privileged document within seven business days after the request is made.

**9.    Class Actions**
*If a class action, a proposal for how and when the class will be certified.*

Not applicable.

**10.    Related Cases**
*Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.*

There are no related cases or proceedings.  However, there is the Delaware Litigation, a patent infringement action involving the same parties, but different patents, which was brought by Hologic against Minerva in the District of Delaware on November 6, 2015, currently pending

before Honorable Joseph F. Bataillon.  *Hologic, Inc. et al. v. Minerva Surgical, Inc.*, Case No. 1:15-cv-01031-JFB-SRF (D. Del.).  In addition, Minerva filed a petition for *inter partes* review on April 11, 2016 challenging the patentability of claims 1-15 of U.S. Patent No. 6,872,183, a Hologic patent asserted in the Delaware Litigation.  The PTAB instituted *inter partes* review of the claims on October 6, 2016, and the review is currently pending.  *Minerva Surgical, Inc. v. Hologic, Inc.*, Case No. IPR2016-00868 (P.T.A.B.).  Minerva also filed a petition for post-grant review on November 2, 2016 challenging the patentability of claims 1-19 of U.S. Patent No. 9,247,989, another Hologic patent asserted in the Delaware Litigation.  The PTAB instituted post-grant review of the claims on May 10, 2017, and the review is currently pending.  *Minerva Surgical, Inc. v. Hologic, Inc.*, Case No. PGR2017-00002 (P.T.A.B.).

**11.   <u>Relief</u>**
*All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated.  In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.*

Minerva seeks entry of judgment finding that Hologic infringes the '208 patent, both directly and indirectly, and that infringement has been willful.  Minerva also seeks preliminary and permanent injunction.  In addition, Minerva seeks monetary damages and interest, including lost profits and/or reasonable royalty, prejudgment and post-judgment interest.  Minerva also seeks enhanced damages.  In order for the damages to be calculated, Minerva needs discovery from Hologic.  Minerva further seeks entry of judgment finding that this is an exception case and an award of attorneys' fees and costs.  Minerva seeks any other relief available under applicable law.

Hologic requests that the Court enter judgment as follows: (1) that the claims set forth in Minerva's Complaint are dismissed with prejudice; (2) that the asserted claims of the '208 patent are invalid; (3) that Hologic has not and do not infringe, directly or indirectly, any valid claim of the '208 patent either literally or under the doctrine of equivalents; (4) that the Court declares this case exceptional under 35 U.S.C. § 285 and award Hologic its costs, expenses, and reasonable attorneys' fees; and (5) that the Court grant Hologic such other relief that the Court deems just and proper.

**12.** **Settlement and ADR**
*Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.*

The parties had an initial ADR Phone Conference on August 7, 2017.  Dkt. 37.  At this conference, the parties informed the Director of the ADR Program, Howard A. Herman, that the parties have a pending mediation with Magistrate Judge Sherry R. Fallon of District of Delaware and are planning to continue to work with Judge Fallon for their settlement discussions.  As any significant events develop with regards to any settlement discussions, the parties plan to inform the Court.

**13.** **Consent to Magistrate Judge For All Purposes**
*Whether **all** parties consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.*

_____ YES     __X__ NO

**14.** **Other References**
*Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.*

The parties do not believe that this case is suitable for reference to binding arbitration, a special mater, or the Judicial Panel on Multidistrict Litigation.

**15.** **Narrowing of Issues**
*Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.*

Hologic believes that upon consideration of Minerva's motion for a preliminary injunction, the Court may wish to entertain an early motion for summary judgment of non-infringement and/or invalidity on asserted claim 13, which is currently the only asserted claim in the case.

**16.** **Expedited Trial Procedure**
*Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A.  If all parties agree, they shall instead of this Statement, file an executed Agreement for Expedited Trial and a Joint Expedited Case Management Statement, in accordance with General Order NO. 64 Attachments B and D.*

The parties do not propose that this case proceed under the Expedited Trial Procedure of General order No. 64 Attachment A.

**17.** **Scheduling**
*Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.*

Minerva's Position:  The schedule for Minerva's preliminary injunction motion (Dkt. 35) is set forth in the Order re [39] Stipulation with Proposed Order dated August 15, 2017.  Dkt. 39 (Stipulation), 40 (Order).  Minerva proposes that the case proceed pursuant to the Patent Local Rules and the Court's standing orders as set forth in Appendix A while the preliminary injunction motion is pending.

By proposing to defer the regular schedule pending the Court's decision on Minerva's preliminary injunction motion, Hologic seeks to delay the trial date for this case.  But there is no reason for such delay, which Minerva opposes.  Contrary to Hologic's assertion, there is no undue burden on Hologic (or the Court) to proceed with the case.  First, the overlap between the normal case schedule and the preliminary injunction schedule is not onerous.  For example, the first main deadline for Hologic in the case would be its Invalidity Contentions due on November 6, 2017 under the Patent Local Rules, almost a month after Hologic's Opposition Brief for the preliminary injunction motion is due on October 11, 2017 under the current stipulated schedule. *See* Dkt. 39, 40.  Further, the Claim Construction Hearing will be scheduled no earlier than April 2008, four months after the hearing on the preliminary injunction motion.  Second, because of the work that has been already done in the Delaware Action, discovery for the preliminary injunction is not as burdensome as if the parties have not litigated previously.  Both parties have discovery from the Delaware Action (which completed fact discovery more than three months ago) and agreed to be able to use that discovery in this action, significantly reducing the burden on the parties for taking discovery for the preliminary injunction motion in this matter.  Lastly, there is only one patent asserted in this case.  Thus, proceeding with the normal schedule would not be unduly burdensome.

Hologic also asserts that the typical patent and claim construction disclosures may not be necessary because Minerva only asserts claim 13 of the '208 patent in the preliminary injunction

motion.  But Minerva merely simplified the infringement issues for the preliminary injunction motion.  It is likely that there would be additional claim terms in dispute that need construction for other claims to be asserted by Minerva in the case.[1]  Moreover, the argument that Hologic may request early summary judgment on the issues of non-infringement and/or invalidity *after* the Court's ruling on the preliminary injunction motion is speculative and thus premature.  In any event, such request may be made and be considered by the Court even if the regular case schedule proceeds.  In sum, there is no reason to defer scheduling of the trial and proceed with the case pursuant to the Patent Local Rules and the Court's standing orders.

Hologic's Position:  Conspicuously absent from Minerva's proposed case schedule is any trace of its preliminary injunction motion or the burdens imposed on the parties (and the Court) by its decision to seek extraordinary preliminary relief.  In contrast, Hologic respectfully requests that the Court enter the proposed case schedule in Appendix B, which includes the schedule for the preliminary injunction proceedings[2] and defers many of the patent local rule disclosures until after the preliminary injunction motion is resolved.  As Appendix B indicates, written and production discovery, as well as numerous fact and expert depositions,[3] will be taken over the coming two months, culminating in motion practice and a hearing relating to Minerva's motion for a preliminary injunction ("PI").  While Minerva's motion should fail, it would place undue burden on Hologic to both defend against the PI and have to submit to the normal patent and claim construction disclosures required by our local practice.

---

[1] Hologic proposes that Minerva should be ordered to serve its Infringement Contentions pursuant to the Patent Local Rules by September 21, 2017 even if the regular case schedule is deferred.  *See* n.4 *infra*.  But if their goal is to address all asserted claims in early summary judgment as Hologic contends, then Hologic should also be ordered to serve its Invalidity Contentions pursuant to the Patent Local Rules by November 6, 2017.

[2] Appendix B reflects the dates contained in the parties' Stipulation and Proposed Order to modify certain dates in D.N. 40 to provide both sides with additional time in which to complete the PI briefing, which stipulation was also filed today.  See Dkt. 41.

[3] Specifically, Minerva has submitted declarations by 10 declarants, including its liability expert, in support of its preliminary injunction motion.  In addition, both named inventors will be deposed in the PI discovery proceedings.

Moreover, our typical patent and claim construction disclosures may be unnecessary and/or a waste of party resources since Minerva's PI motion asks the Court to rule on claim construction and make determinations on the patent merits for the sole asserted claim 13.  It does not make sense for the parties to expend resources exchanging contentions and briefing issues of claim construction that may be obviated by the Court's ruling on Minerva's PI motion.  In any event, once the Court has resolved Minerva's motion, the Court may be able to dispose of the case based on an early summary judgment motion of non-infringement and/or invalidity. Hologic therefore respectfully requests that, with the exception of Minerva's infringement contentions,[4] the Court defer the local rule patent disclosures until after resolution of Minerva's PI motion.  The reason Hologic proposes that Minerva should nonetheless be required to serve its infringement contentions (or, at a minimum, a binding identification of Minerva's asserted claims) is because this disclosure will significantly advance efficient case management[5] and, given Minerva's significant work-up of claim construction and its infringement allegation in the PI motion, should not impose a significant burden on Minerva.  In contrast, preparation of invalidity contentions would impose a significant burden on Hologic and it is unclear how such a disclosure would enable either party to file an early case-dispositive motion.

As plaintiff, when Minerva filed its Complaint, it could have sought an expedited schedule to trial.  It did not.  Instead, it brought a preliminary injunction motion that, by its very nature, disrupts the normal course and progress of a case.  Minerva's suggestion that the parties have the bandwidth to litigate other issues in this case and that the case schedule should be business-as-usual inherently undermines its request for threshold emergency relief.  Minerva cannot have it both ways.  Having chosen to put the parties and the Court through this extraordinary preliminary

---

[4]  Hologic proposes that Minerva identify any asserted claims for this litigation by serving its infringement contentions under the Local Patent Rules by September 21, 2017, the date that Minerva proposes.

[5] Specifically, Minerva's infringement contentions will enable Hologic to determine if it may bring an early summary judgment motion of non-infringement and/or invalidity after PI and, likewise, will inform Hologic's decision regarding whether to file *inter partes* review against the asserted '208 Patent.

injunction proceeding, it should not be surprised or dismayed that its PI motion would affect the rest of the case schedule.

For the foregoing reasons, Hologic proposes that the Court convene a case management conference after it has ruled on Minerva's motion for a PI.  At that point, the parties and the Court will be in a better position to assess the most efficient manner in which to resolve this case and can adopt a sensible case schedule in light of the discovery, findings, and rulings that occur during the PI proceedings.  *See* Appendix B.

**18.  <u>Trial</u>**
*Whether the case will be tried to a jury or to the court and the expected length of the trial.*

The parties have requested trial by jury.  Trial is expected to take 8 days (excluding jury selection, opening, and closing) assuming the Trial Schedule and Timekeeping under the Court's Standing Order for Civil Jury Trials applies.

**19.  <u>Disclosure of Non-party Interested Entities or Persons</u>**
*Whether each party has filed the "Certification of Interest Entities or Persons" required by Civil Local Rule 3-16.  In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.*

The parties have filed Certifications of Interested Entities or Persons Pursuant to Civil Local Rule 3-15.  Dkt. 3 (Minerva); Dkt. 14 (Hologic).

Minerva confirms that it has no parent corporation, and no publicly held corporation owns 10% or more of Minerva's stock.  Minerva also confirms that other than the named parties, there is no interest to report under Civil L.R. 3-15.

Hologic, Inc. restates that it has no parent company.  It further restates that the Vanguard Group, Inc. and T. Rowe Price Group, Inc., each own ten percent (10%) or more of Hologic, Inc.'s stock.

Cytyc Surgical Products, LLC restates that it is a wholly-owned subsidiary of Hologic, Inc.

**20.**   **Professional Conduct**
*Whether all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.*

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.**   **Other**
*Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.*

Pursuant to Patent L.R. 2-1(b), the parties have also met and conferred regarding the following additional matters:

A.   *Proposed modification of the obligations or deadlines set forth in the Patent Local Rules to ensure that they are suitable for the circumstance of the particular case.*

The parties agree to follow the obligations under the Local Patent Rules.  The parties, however, disagree on the timing of these deadlines in light the pending motion for a preliminary injunction. *See* Appendices A & B.

B.   *The scope and timing of any claim construction discovery (including disclosure of and discovery from any expert witness permitted by the court) and damages discovery.*

Minerva's Position: Minerva's proposed case schedule (set forth in Appendix A) addresses the timing of claim construction and damages discovery pursuant to the Patent Local Rules.

Hologic's Position: Hologic believes that the Court's ruling on Minerva's motion for a preliminary injunction may impact claim construction discovery.  Hologic proposes that the parties address the timing of claim construction and damages discovery after the preliminary injunction proceedings. *See* Appendix B.

C.   *The format of the Claim Construction Hearing, including whether the Court will hear live testimony, the order of presentation, and the estimated length of the hearing.*

The parties will abide by the procedures for the Claim Construction Hearing set forth in this Court's Standing Order for Claim Construction in Patent Cases.  The parties do not anticipate requesting the Court to hear live testimony at the Claim Construction Hearing.

1    *D.      How the parties intend to educate the court on the technology at issue.*

2        The parties will abide by the procedures for a tutorial set forth in this Court's Standing

3    Order for Claim Construction in Patent Cases.

4    *E.      The parties shall provide the court with non-binding, good-faith estimate of the
            damages range expected for the case along with an explanation for the estimates.*

5           *If either party is unable to provide such information, that party shall explain why it*

6           *cannot and what specific information is needed before it can do so.  Such party*

7           *shall also state the time by which it should be in a position to provide that estimate
            and explanation.*

8        Minerva is unable to provide an estimate of the damages range at this time.  Minerva will

9    need discovery from Hologic before it is able provide the estimate.  Minerva expects that it

10   should be in a position to provide the estimate when its Damages Contentions are due pursuant to

11   Patent L.R. 3-8.  *See* <u>Appendix A</u> (Proposed Case Schedule).  Minerva also seeks its attorney's

12   fees and costs under 35 U.S.C. § 285.

13       Hologic contends that Minerva is not entitled to any damages because Hologic does not

14   infringe any valid claim of the Patent-in-Suit.  To the extent Minerva is found to be entitled to

15   any damages, such damages are limited to the only accused product, which was released in

16   February 2017.  Further, Minerva has not yet shown that it has complied with the marking

17   requirements of 35 U.S.C. § 287, and thus may not be entitled to any pre-suit damages.  As of

18   now, Minerva has not presented, nor is Hologic aware of, any evidence that Minerva has

19   complied with the patent marking requirement.  Hologic is currently unable to provide a good-

20   faith estimate of the damages range expected for the case because Minerva has not yet provided

21   its damages contentions, including any basis for seeking lost profits or a reasonable royalty, and

22   Minerva has not produced documentation regarding patent marking.  Hologic expects that it

23   should be in a position to provide an estimate when its Damages Contentions are due pursuant to

24   Patent L.R. 3-9.  Hologic seeks its attorney's fees and costs under 35 U.S.C. § 285.

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

DATED: August 31, 2017          By:   *Vera M. Elson*
                                      Vera M. Elson

                                      WILSON SONSINI GOODRICH & ROSATI PC
                                      Attorneys for Plaintiff
                                      MINERVA SURGICAL, INC.

DATED: August 31, 2017          By:   *Deborah E. Fishman*
                                      Deborah E. Fishman

                                      ARNOLD & PORTER KAYE SCHOLER LLP
                                      Attorneys for Defendants
                                      HOLOGIC, INC. and CYTYC SURGICAL
                                      PRODUCTS, LLC

In accordance with Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from any other signatory to this document.

                                      */s/ Vera M. Elson*
                                By:   Vera M. Elson

**APPENDIX A**
**MINERVA'S PROPOSED CASE SCHEDULE**

| Minerva's Proposed Deadline | Event | Applicable Rule or Order |
|---|---|---|
| Thursday September 21, 2017 | Minerva's Disclosure of Asserted Claims and Infringement Contentions; Document Production Accompanying Disclosure | Patent L.R. 3-1, 3-2 |
| Friday, September 29, 2017 | Rule 26(a)(1) Initial Disclosures | |
| Monday October 9, 2017 | Last Day to Submit Proposed Modification to the ESI Order; Last Day to Submit Proposed Protective Order | Standing Order for E-Discovery and Email Discovery in Patent Cases |
| Friday October 27, 2017 | Last Day to Join Parties and Amend the Pleadings Without Leave of Court | |
| Monday November 6, 2017 | Hologic's Invalidity Contentions; Document Production Accompanying Invalidity Contentions | Patent L.R. 3-3, 3-4 |
| Monday November 20, 2017 | Exchange of Proposed Terms for Construction | Patent L.R. 4-1 |
| Monday December 11, 2017 | Exchange of Preliminary Claim Construction and Extrinsic Evidence | Patent L.R. 4-2 |
| Tuesday December 26, 2017 | Minerva's Damages Contentions | Patent L.R. 3-8 |
| Friday January 5, 2018 | Joint Claim Construction and Prehearing Statement | Patent L.R. 4-3 |
| Thursday January 25, 2018 | Hologic's Responsive Damages Contentions | Patent L.R. 3-9 |
| Monday February 5, 2018 | Completion of Claim Construction Discovery | Patent L.R. 4-4 |
| Monday February 19, 2018 | Minerva's Opening Claim Construction Brief | Patent L.R. 4-5(a); Standing Order for Claim Construction in Patent Cases |
| Monday March 5, 2018 | Hologic's Responsive Claim Construction Brief | Patent L.R. 4-5(b); Standing Order for Claim Construction in Patent Cases |

| Minerva's Proposed Deadline | Event | Applicable Rule or Order |
|---|---|---|
| Friday March 12, 2018 | Minerva's Reply Claim Construction Brief | Patent L.R. 4-5(c); Standing Order for Claim Construction in Patent Cases |
| Friday March 30, 2018 | Tutorial | Standing Order for Claim Construction in Patent Cases; *Subject to the Court's schedule* |
| Friday April 6, 2018 | Claim Construction Hearing | Patent L.R. 4-6; Standing Order for Claim Construction in Patent Cases; *Subject to the Court's schedule* |
| Friday July 13, 2018 | Close of Fact Discovery | |
| Friday August 10, 2018 | Opening Expert Reports | |
| Friday September 7, 2018 | Rebuttal Expert Reports | |
| Friday October 5, 2018 | Close of Expert Discovery | |
| Friday November 2, 2018 | Deadline to File Dispositive Motions; Deadline to File *Daubert* Motions | |
| Thursday December 13, 2018 | Hearing on dispositive and *Daubert* motions | *Subject to the Court's schedule* |
| Tuesday January 8, 2019 | Last day to meet and confer about preparation of the joint trial materials | Standing Order for Civil Jury Trials |
| Tuesday February 7, 2019 | Pretrial Filings | Standing Order for Civil Jury Trials |
| Thursday February 21, 2019 | Pretrial Conference | Standing Order for Civil Jury Trials; *Subject to the Court's schedule* |

| Minerva's Proposed Deadline | Event | Applicable Rule or Order |
|---|---|---|
| Monday March 11, 2019 | Jury Trial | Standing Order for Civil Cases; *Subject to the Court's schedule* |

**APPENDIX B**
**HOLOGIC'S PROPOSED CASE SCHEDULE**

| Event | Deadline | Authority |
|---|---|---|
| Parties propound document requests and interrogatories | Aug. 16, 2017 | Order re Stipulation (Docket No. 40) |
| Parties respond to document requests and interrogatories, and complete production of documents | Sept. 7, 2017 | Order re Stipulation (Docket No. 40) |
| Defendants take depositions of witnesses | Sept. 14 to Oct. 6, 2017 | Order re Stipulation (Docket No. 40); Stipulation and Proposed Order (Docket No. 41) |
| Minerva's Disclosure of Asserted Claims and Infringement Contentions; Document Production Accompanying Disclosure | Thursday September 21, 2017 | Patent L.R. 3-1, 3-2 |
| Defendants' Opposition Brief | Oct. 20, 2017 | Stipulation and Proposed Order (Docket No. 41) |
| Plaintiff takes depositions of witnesses | Oct. 20 to Nov. 10, 2017 | Stipulation and Proposed Order (Docket No. 41) |
| Plaintiff's Reply Brief | Nov. 22, 2017 | Stipulation and Proposed Order (Docket No. 41) |
| Hearing on Plaintiff's Motion for Preliminary Injunction | December 14, 2017 at 10:00 a.m. | Order re Stipulation (Docket No. 40) |
| Further Case Management Conference | At the Court's convenience after its ruling on Minerva's Motion for a Preliminary Injunction | |
| Hologic's Early Motion for Summary Judgment on Non-Infringement and/or Invalidity | TBD | |